# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Civil Action No. 3:21-cv-178-FDW-DSC

| | |
|---|---|
| JENNIFER HARDMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>MAIN STREET FINANCIAL GROUP INC.,<br><br>    Defendant. | **CONSENT PROTECTIVE ORDER** |

It is hereby ORDERED that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1.    Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER." "Confidential" information or documents may be referred to collectively as "confidential information."

    a) When producing native files that contain confidential information, pending agreement by the Parties at the time of production, the producing Party shall include the designation in the native file's file name (if produced). The file name of any

1

258226506v.1
Case 3:21-cv-00178-FDW-DSC  Document 14  Filed 08/31/21  Page 1 of 6

record that is produced in native format should contain both the Bates number and the confidentiality designation, if any. For instance, an excel file produced as ABC001234 that is confidential should be named "ABC001234 CONFIDENTIAL.xls".

2. Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the case of depositions or other pretrial testimony in this action, if particular testimony or on-the-record discussions will involve materials or information that is confidential, designating counsel should indicate in a clear fashion the portion of the testimony that is intended to be designated as CONFIDENTIAL. Alternatively, the confidential information, and all testimony and other on-the-record statements discussing such material, may be separated into a separately bound transcript that prominently identifies the contents as "Proceedings Regarding Confidential Material."

4. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

5.      Information or documents designated as "Confidential" shall not be disclosed to any person, except:

   a) The requesting party and counsel;

   b) Employees of such counsel assigned to and necessary to assist in the litigation;

   c) Consultants or experts to the extent deemed necessary by counsel;

   d) Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

   e) The Court or the jury at trial or as exhibits to motions.

6.      Prior to disclosing or displaying the confidential information to any person, counsel shall:

   a) Inform the person of the confidential nature of the information or documents; and

   b) Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

7.      The confidential information may be displayed to and discussed with the persons identified in Paragraph 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek

3

appropriate relief from this Court.

8. For the purpose of Paragraphs 4(d) and (e) it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents.

9. Inadvertent Production. The inadvertent or unintentional failure by a party to designate specific documents or materials as containing confidential information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or materials. Upon prompt, written notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice, including the return of originals and all copies of the documents or things containing the confidential information so that the disclosing party may designate them as containing such information. If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to the attorney-client communication privilege, the work product doctrine, or any other privilege or immunity from production, such production shall not be deemed a waiver of any privilege. The disclosing party may give prompt written notice to the receiving party of the inadvertent production and request the return of the inadvertently produced materials. Upon receipt of such written notice, the receiving party promptly shall gather the original and all copies of the document or information of

4

which the receiving party is aware and shall retain the information in a sealed envelope that will not be opened without either the consent of the producing party or an order from the Court. The return of the document(s) and/or information to the disclosing party shall not preclude the receiving party from later moving the Court to compel production of the returned document(s) and/or information.

10. At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than thirty days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed.

11. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

**SO ORDERED**.

Signed: August 31, 2021

_____
David S. Cayer
United States Magistrate Judge

# EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Jennifer Hardman v. Main Street Financial Group, Inc*., Civil Action No.: 3:21-cv-178, have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court. Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)

6

258226506v.1

Case 3:21-cv-00178-FDW-DSC   Document 14   Filed 08/31/21   Page 6 of 6